# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PHUC N. NGUYEN,

    **Plaintiff,**

    v.                      Civil Action No. 09-1349 (EGS/JMF)

DONALD C. WINTER,
SECRETARY OF THE NAVY,

    **Defendant.**

## MEMORANDUM ORDER

At the last status conference, I advised plaintiff, who proceeds pro se, that I would deem his objections to the defendant's responses to his requests for documents and his requests for admissions as motions to compel. Since plaintiff has propounded several sets of requests to defendant, I will resolve the issues before me by referencing two documents that were submitted to the Court at the status conference: 1) Defendant's <u>Response to Plaintiff's Objections to Defendant's Discovery Responses</u>[1] ("Plaintiff's First Motion to Compel"), and 2) Plaintiff's <u>December 7, 2010 Hearing with Magistrate Judge John M. Facciola to Resolve Discovery Disputes</u>[2] ("Plaintiff's Second Motion to Compel").

## PLAINTIFF'S FIRST MOTION TO COMPEL

I.     <u>Document Requests</u>

Document Request No. 1          Plaintiff's request is **DENIED**. A request for all documents, irrespective of their relationship to the claims and defenses in this lawsuit is patently overbroad.

---

[1] Attached to this Memorandum Order as Exhibit 1.

[2] Attached to this Memorandum Order as Exhibit 2.

| | |
|---|---|
| Document Request No. 3 | Plaintiff's request is **DENIED** in part and **GRANTED** in part. Defendant shall supplement its response by stating unequivocally whether there are any documents that support its defenses that have not been produced and, if so, shall produce them. |
| Document Request No. 4 | Plaintiff's request is **DENIED**. Discovery is limited to materials that are relevant to a claim or defense. Materials generally relevant to the subject matter of the lawsuit are discoverable only if good cause has been shown. Fed. R. Civ. P. 26(b). Good cause has not been shown. |
| Document Request No. 5 | Plaintiff's request is **DENIED** in part and **GRANTED** in part. Personnel files cannot be produced without a Privacy Act protective order. Defendant shall prepare one and, upon its execution, shall produce from those files only the material in the file that is relevant to a claim or defense in this case. |
| Document Request No. 6 | Plaintiff's request is **DENIED** in part and **GRANTED** in part. The request for performance evaluations of persons other than plaintiff and his comparators for the position or positions at issue is overly broad. Defendant shall, however, produce the performance evaluations for plaintiff for the period requested. |
| Document Request No. 7 | Plaintiff's request is **DENIED**. The defendant's interpretation of the request to require the production of the Reports of Investigation denominated in its answer is correct. |
| Document Request No. 8 | Plaintiff's request is **DENIED**. Again, defendant's interpretation of the request is correct. |
| Document Request No. 9 | Plaintiff's request is **DENIED** in part and **GRANTED** in part. Defendant shall produce any documents, whether or not in the Reports of Investigation, that pertains to any effort to recruit a specific person for the positions at issue. |
| Document Request No. 10 | Plaintiff's request is **DENIED**. The request is patently overbroad. |

| | |
|---|---|
| Document Request No. 11 | Plaintiff's request is **DENIED** in part and **GRANTED** in part. Defendant shall produce any documents that explain why the position was created or cancelled. |
| Document Request No. 12 | See discussion below regarding requests for admissions. |
| Document Request No. 13 | Plaintiff's request is **DENIED** in part and **GRANTED** in part. Defendant shall produce any documents pertaining to the qualifications, skills and knowledge of the persons who competed for the position specified, which were considered by the person or persons who made the decision. |
| Document Request No. 14 | Plaintiff's request is **DENIED** in part and **GRANTED** in part. Defendant shall produce any documents that would evidence any incentive or consideration given to Robert LaFreniere to take the position at issue. |
| Document Request No. 15 | Plaintiff's request is **DENIED**. The request is patently overbroad. |

II.  Requests for Admissions

Plaintiff is incorrect in his assertion in Document Request No. 12 that the response to a Request for Admission requires the party responding to produce documents in support of its denial. Requests for Admission are not a discovery device but are designed to narrow the issues for trial. McFadden v. Ballard, Spahr, Andrews & Ingersoll, LLP, 243 F.R.D. 1, 7 (D.D.C. 2007). In the same opinion, I also pointed out the following:

> Denial is an appropriate response to a Request for Admission under Rule 36, which provides that a respondent may either (1) object to a request on grounds that the matter is beyond the scope of discovery permitted by Rule 26(b)(1); (2) admit the request; (3) deny the request; (4) provide a detailed explanation as to why the request cannot be admitted or denied; or (5) provide some qualified admission as to parts of the request. Fed.R.Civ.P. 36(a). Moreover, Rule 37(c)(2) provides an automatic remedy. If the party requesting the admission later proves the genuineness of the document or the truth of the matter requested, the court may order the party that denied the request to pay the costs of her opponent in making that

proof. Fed.R.Civ.P. 37(c)(2).

Id.

I have reviewed the defendant's respond in accordance with this standard and have found them sufficient, with one exception. In those instances where the defendant states that he has insufficient information to admit or deny a request, it must follow the rule and state that "it has made reasonable inquire and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36 (6). Defendant will supplement any response in which he indicates that he has insufficient information to admit or deny a request with the language required by the rule. Plaintiff's motion to compel in this regard is therefore **GRANTED** in part and **DENIED** in part.

I have also reviewed defendant's other objections to certain requests for admissions and find them meritorious. Plaintiff's motion to compel in this regard is therefore **DENIED**.

**PLAINTIFF'S SECOND MOTION TO COMPEL**

I.   Document Requests

| | |
|---|---|
| Document Request No. 1 | This issue is resolved above. |
| Document Request No. 9 | This issue is resolved above. |
| Second Document Request No. 1 | Plaintiff's request is **DENIED**. The request is patently overbroad. At most, plaintiff is complaining that a person named Robert LaFreniere was given preferential treatment by being given a detail in 2005. Complaint ¶ 7. Thar hardly justifies a demand for all detail requests from 2000 to 2007. |
| Second Document Request No. 2 | Plaintiff's request is **DENIED**. Defendant, despite its objection, tried to find documents but could not. Plaintiff's demand that I disbelieve that representation and the testimony of a witness during his deposition lacks all merit. |

4

| | |
|---|---|
| Second Document Request No. 2[3] | Plaintiff's request is **DENIED**. The defendant has given plaintiff the information he seeks as to the man named Lafreniere. The promotion of some other person mentioned by LaFreniere in his deposition is irrelevant and cannot lead to relevant information. |
| Second Document Request No. 3 | Plaintiff's request is **DENIED**. The request is overbroad. The demand for "[a]ll paperwork related to Approved FY2004 and/or earlier Staffing Plan(s) of Code 34, showing current and future organization strength, vacancies and planned promotions" would produce a large amount of information that has nothing whatsoever to do with this case. |
| Second Document Request No. 4 | Plaintiff's request is **DENIED**. Plaintiff's demand for "detail [sic] paperwork of engineers detailed to PMS435" other than LaFreniere is overbroad; plaintiff only complains that LaFreniere's detail was preferential. |
| Second Document Request No. 5 | Plaintiff's request is **DENIED**. Plaintiff's request for the performance evaluation of Riad Sayegh for a period prior to his arrival in PMS435 seeks information without any showing whatsoever that anyone who was involved in Sayegh's selection over plaintiff was influenced by that evaluation. |
| Second Document Request No. 6 | Plaintiff's request is **DENIED**. Plaintiff's request for all cash awards for Swarn Dulai and other personnel between 2000 and 2005 is overbroad; plaintiff is not complaining that these people received a cash award and he did not. |
| Second Document Request No. 7 | Plaintiff's request is **DENIED**. Defendant complied with this request and produced all that it could find. Despite plaintiff's claims, there is nothing about the supposed deficiencies in defendant's production that compels the conclusion that the defendant has withheld anything from him. |
| Third Document Request No. 1 | Plaintiff's request is **DENIED**. Defendant represents that it could not find any documents responsive to this request. Again, I have no reason to disbelieve that representation. |

---

[3] There are two requests captioned "Second Document Request No. 2."

| | |
|---|---|
| Third Document Request No. 2 | Plaintiff's request is **DENIED**. Plaintiff seems to concede that he did not exhaust any claim as to Stephen Stump's selection but still demands his position description as background information. That is not the standard, however, and there is nothing about that description that is relevant to the selection of someone else two years later. |
| Third Document Request No. 3 | Plaintiff's request is **DENIED**. For the same reason given above as to plaintiff's Third Document Request No. 2, a demand for Stump's performance evaluation between April 2005 and November, 2006 is equally irrelevant. |

II. Plaintiff's Motion to Compel Supplemental Responses to First Request for Production of Documents

At pages 13 and 14 of the document entitled December 7, 2010 Hearing with Magistrate Judge John M. Facciola to Resolve Discovery Disputes, plaintiff describes a series of alleged deficiencies in the defendant's production. However, his statements are so laden with acronyms and references to events that I know nothing about that I cannot resolve the issues without knowing the defendant's position. It is therefore, hereby,

**ORDERED** that defendant file its statement of position as to the allegations contained at pages 13 and 14 of the document to which I have just referred.

III. Plaintiff's Motion to Compel Payment of Deposition Expenses

This motion is **DENIED**. None of the defendant's objections were illegitimate and caused plaintiff any unnecessary expense.

**CONCLUSION**

In accordance with the above rulings, it is, hereby,

**ORDERED** that Plaintiff's First Motion to Compel is **GRANTED** in part and **DENIED** in part. It is further, hereby,

**ORDERED** that Plaintiff's Second Motion to Compel is **DENIED**.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE